NATIONAL SURETY CO. v. ALICE HAUGHTON.

EXECUTOR CANNOT PREFER ONE CREDITOR BY TURNING OVER NOTES OF ESTATE.

An executor has no power as such before final settlement to turn over to a creditor of the estate notes held by the estate without an order from the probate court, and a person holding notes so turned over does not have a valid title to them upon which to sue the maker.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

*Potter & Potter,* for plaintiff in error.

*Rhoades & Rhoades,* for defendant in error:

Cited and commented upon the following authorities: Rockel's, Prob. Prac. Sec. 471; *Miller* v. *Stark,* 61 Ohio St. 413 [56 N. E. Rep. 11]; *Jelke* v. *Goldsmith,* 52 Ohio St. 499 [40 N. E. Rep. 167; 49 Am. St. Rep. 730]; *Broadwell* v. *Banks,* 134 Fed. Rep. 470; *Foster* v. *Wise,* 46 Ohio St. 20 [16 N. E. Rep. 687; 15 Am. St. Rep. 542]; Woerner, Law of Admrs. Sec. 177; *Higgins' Estate, In re,* 15 Mont. 474 [39 Pac. Rep. 506; 28 L. R. A. 116]; *Newcomb* v. *Williams,* 43 Mass. (9 Metc.) 525; *Crocker* v. *Dillon,* 133 Mass. 91; *White* v. *Ditson,* 140 Mass. 351 [4 N. E. Rep. 606; 54 Am. Rep. 473]; *Hood, Estate of,* 98 N. Y. 363; *Wall* v. *Bissell,* 125 U. S. 382 [8 Sup. Ct. Rep. 979; 31 L. Ed. 772]; *Everson* v. *Pitney,* 40 N. J. Eq. 539 [5 Atl. Rep. 95]; *Hood* v. *Hood,* 85 N. Y. 561; *Williams* v. *Cushing,* 34 Me. 370; *Sanborn's Estate, In re,* 109 Mich. 191 [67 N. W. Rep. 128]; *Crawford Estate, In re,* 11 Circ. Dec. 605 (21 R. 554).

## WILDMAN, J.

Suit on certain promissory notes was brought by the National Surety Company against Mrs. Haughton. The surety company claims to be the owner of the notes and entitled to judgment upon them, and this claim is disputed by the defendant, Mrs. Haughton, who is defendant in error, as she was defendant in the original case. The court below gave judgment

Surety Co. v. Haughton.

for her.  Mrs. Haughton gave these notes to one N. P. Glann, who endorsed them to E. W. Tolerton, and the latter owned them up to the time of his death.  Tolerton was executor of the estate of Mrs. Minerva M. Wood, and the plaintiff, the surety company, was surety for him on his bond as such executor. Tolerton died in the year 1905 indebted to the estate which he was so representing to a very large amount, and the plaintiff surety company settled with an administrator, *de bonis non,* paying the sum of $10,955.93 upon its obligation as surety.  Mrs. Tolerton, by the will of her husband, was made executrix of his estate, and by a provision in it was also made one of two trustees to make disposition of the property after the payment of debts, Mr. Thomas H. Tracy being named as the other trustee.    It is claimed that Mr. Tracy never qualified as such, but in our consideration of the case we do not deem it very important whether he did or did not.  Without any order of the probate court, Mrs. Tolerton turned over certain notes belonging to the Wood estate and in her husband's hands as executor, to the amount of $4,366.75, to the surety company.  Among these notes were the ones given by Mrs. Haughton, the defendant, which are now in controversy.  She asserts that they were transferred to the plaintiff without legal authority, and that the plaintiff is not the owner.  A jury was waived, the case was tried to the court below, and judgment rendered for the defendant, dismissing the petition.  By agreement of parties, Judge Kinkade being related by marriage to one of the parties, the case was submitted to me alone, my conclusion to be entered as the judgment of the court.  The sole question with reference to the consideration is whether the plaintiff obtained title to the notes.  Suggestion was made that the action of the executrix or the powers of the executrix to act, could not be questioned in this proceeding, which was said to be collateral, but there is no force, in my judgment, in this claim, and indeed it was not very earnestly insisted upon by counsel.  The statutory power of an administrator as to the disposition of promissory notes owned by the estate which he represents is found in R. S. 6074 (Gen. Code 10697), and this gives no power to such a representative to dispose of property of this kind by sale or transfer without the

Lucas County.

authority of the probate court. It is claimed, however, that a testamentary power is embodied in this will, and that the executrix acted under it, or that she transferred as trustee. The will gives her no power as executrix to sell, and the express provision in the will is, that after the payment of debts, the trust is created in her and in her co-trustee, Mr. Tracy, to dispose of the property, with very broad and ample powers. The will provides that she is not required to give bond as executrix; but there is no provision in the will that she shall not be required to give bond as trustee. No bond was ever given by her as trustee. In an answer to one of the interrogatories attached to one of the pleadings, it is stated that she made this transfer as executrix. This, however, may be considered possibly as a mere inadvertence, and if she really had power as trustee at the time she made the transfer as trustee to make it in that capacity, it might raise the question as to whether she was not in fact attempting to exercise whatever power was given her by the will, no matter what she calls herself in the answer to the interrogatory. My judgment, however, is that she had no power to make any such disposition of the property as turning it over to one creditor of the estate of her husband, without a full settlement of all other debts. The will did not attempt to authorize her as executrix or trustee to give a preference to one creditor over another, and we are not apprised as to the extent of the liabilities of E. W. Tolerton, her husband. It is quite clearly indicated that his debts had not been entirely extinguished. There had been no final settlement of her account as executrix, the time had not expired within which claims might be presented against her as the executrix of the estate, and for these various reasons it seems quite clear that she had no power to transfer this paper by assignment or endorsement to the surety company in order partly to liquidate its claim against the estate of her husband. It does not appear that the debts had been paid at the time of the attempted sale of the notes. The judgment of the court below, in favor of Mrs. Haughton, based probably on the view that the plaintiff was not the owner of the suit sued on, is correct, and the judgment will be affirmed.

**Kinkade, J.,** concurs.